```
                    United States Bankruptcy Court
                    Eastern District of Pennsylvania
```

In re:                                                         Case No. 17-12593-elf
Roland J. DeLuca, Jr.                                          Chapter 13
Carol DeLuca
         Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-4           User: Virginia            Page 1 of 1            Date Rcvd: Jan 07, 2020
                               Form ID: pdf900           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 09, 2020.
db/jdb         +Roland J. DeLuca, Jr.,   Carol DeLuca,   4056 Vaughn St.,   Easton, PA 18045-5054

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 09, 2020                                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 7, 2020 at the address(es) listed below:
              JEROME B. BLANK    on behalf of Creditor    LSF9 Master Participation Trust paeb@fedphe.com
              KEVIN K. KERCHER    on behalf of Debtor Roland J. DeLuca, Jr. kevinkk@kercherlaw.com,
               kevin@kercherlaw.com
              KEVIN K. KERCHER    on behalf of Joint Debtor Carol  DeLuca kevinkk@kercherlaw.com,
               kevin@kercherlaw.com
              KEVIN M. BUTTERY    on behalf of Creditor    Citibank NA kbuttery@rascrane.com
              LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Wilmington Savings Fund Society et al ...
               bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Citibank, N.A., as trustee for CMLTI Asset Trust
               bkgroup@kmllawgroup.com
              REGINA  COHEN    on behalf of Creditor    Ally Financial Inc. rcohen@lavin-law.com,
               ksweeney@lavin-law.com
              SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                              TOTAL: 10

bIN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Carol Deluca<br>Ronald J. Deluca<br>        Debtors | CHAPTER 13 |
| Wilmington Savings Fund Society dba Christiana Trust, not individually, but solely as Trustee for NYMT Loan Trust I<br>        Movant<br>vs. | NO. 17-12593 ELF |
| Carol Deluca<br>Ronald J. Deluca<br>        Debtors | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire<br>        Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is $15,797.18, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 11, 2019 to December 11, 2019 at $1,436.33 |
| Suspense Balance: | $2.45 |
| **Total Post-Petition Arrears** | **$15,797.18** |

2. The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

    a) Debtor shall obtain a permanent modification by May 31, 2020.

3. Additionally, beginning on January 11, 2020, Debtor shall also make regular post-petition payments on the eleventh (11th) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4. If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Sectoin 4(b), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date:   December 27, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 1/3/2020

_____
Kevin K. Kercher, Esquire
Attorney for Debtors

Date: 1/3/20

Scott F. Waterman, Esquire
Chapter 13 Trustee

## ORDER

Approved by the Court this __7th__ day of __January__, 2020. However, the court retains discretion regarding entry of any further order.

ERIC L. FRANK
UNITED STATES BANKRUPTCY JUDGE